STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                   DOCKET NO. CV-06-025

                                            *PAF-YOR-9/19/06*


RICHARD B. OSTERBERG, in his capacity
As Trustee of The Grand Beach Trust,

                 Plaintiff


        v.                                  **DECISION AND ORDERS**


GEORGE A. GIOVANIS, Esq., et al.,

                 Defendants


        The plaintiff in his capacity as a trustee of a trust owning a minority of shares in

Pepperell Bancshares Financial Group, Inc. (PBFG) has sued PBFG, its directors, officers

and majority shareholders and Pepperell Bank & Trust (Bank) which is the operating

subsidiary of PBFG. The plaintiff claims that through a series of acts individual

defendants have breached their fiduciary duties allowing their self-interest to injure

both PBFG and the plaintiff. In a seven-count complaint the plaintiff seeks a wide array

of remedies including the appointment of a receiver, restitution, damages and

injunctive relief.

        Three issues, brought through multiple motions, were briefed and argued.

Should the complaint be dismissed as it is actually a shareholder action disguised as an

individual action? Should the plaintiff be permitted to file a supplemental complaint?

Should a single law firm be permitted to continue as counsel for all of the defendants,

both individual and corporate?

        Maine law related to shareholder suits is relatively undeveloped. The

legislature has enacted the Maine Business Corporation Act, 13-C M.R.S.A. §§101 – *et*

*seq.* which includes a subchapter governing derivative proceedings, see 13-C M.R.S.A. §§751 – *et seq.* A "derivative proceeding" is defined as a "civil suit in the right of a domestic corporation ..." 13-C M.R.S.A. §751(1). A substantial number of potentially burdensome, inconvenient or dispositive procedural requirements governing standing, demands, dismissal of suit, settlements and payment of expenses attach to derivative actions, 13-C M.R.S.A. §§752-8, that do not exist in individual actions where a shareholder sues for himself, not on behalf of the corporation. Also see Rule 23A, M.R.Civ.P. which incorporates some of the statutory requirements. That procedural rule describes a derivative action as one "brought in the Superior Court by one or more shareholders to enforce a right of a corporation" when the corporation has "failed to enforce a right which may properly be asserted by it."

A fine Maine text, *Maine Corporation Law & Practice*, by James Zimpritch, describes derivative actions as ..." suits in which shareholders seek legal redress for wrongs committed against their corporations." See §6.23. The still significant case of *Forbes v. Wells Beach Casino, Inc.*, 307 A.2d 210, 221, 2 (Me. 1973) stated, "The derivative action is distinguished from an individual's action which is brought by a stockholder for a loss separate and distinct from that suffered by the other stockholders. The right of a stockholder to sue on behalf of a corporation to protect or restore the assets of the corporation from *ultra vires* actions and other acts of mismanagement developed in equity. In theory the action is one to protect the corporation itself against acts from which its management is unwilling or unable to protect it."

In the initial complaint the plaintiff has alleged that a group of family members who control PBFG has mismanaged PBFG through self-dealing and promoted their interests at the expense of the corporation as a whole, minority shareholders and him. In the proposed supplemental complaint he challenges how a stock issuance was

2

handled alleging that the corporation could have received a better price for the new shares, but for the wrongdoing of the individual defendants in depressing the price for their benefit. He argues that he was deprived of the opportunity of obtaining control of the corporation. I am left with the puzzle of whether the complaint or supplemental complaint are derivative actions, individual actions or a combination of the two. Unlike Maine, Delaware has a very well developed body of law governing shareholders.

A Delaware chancery court decision, *Agostino v. Hicks*, 845 A.2d 1110, 2004 Del.Ch. Lexis 23 wrestled with many of the issues presented in this case. The court noted that "The exacting procedural prerequisites to the prosecution of a derivative action create incentives for plaintiffs to characterize their claims as 'direct' or 'individual' in the sense that they seek recovery not for the harm done to the corporation, but for the harm done them." See 1117. The Chancellor noted, at 1117, that "The distinction between direct and derivative claims is frustratingly difficult to describe with precision." In the context of a merger the Court noted, at 1119 "a complaint that 'directly challenges the fairness of the process are the price' of a merger suggests, to my mind, that the corporation suffered harm in the form of inadequate consideration for the sale of itself as a going concern and that the harm suffered by shareholders is only a natural and foreseeable consequence of the harm to the corporation."

The opinion in *Agostino* examined the prior decisions of the Delaware Supreme Court and found them frustrating to apply. At 1122 the Chancellor concluded, "the inquiry should focus on whether an injury is suffered by the shareholder that is not dependent on a prior injury to the corporation ... has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation?" Also see *Tooley v. Donaldson, Lufkin & Jenrette*, 845 A.2d 1031, 1039 (Del. 2004) for the conclusion that "The

3